■ STATE STREET BANK AND TRUST COMPANY, Appellant, v ABRAHAM SILBERSHATZ et al., Defendants. KRISPHA REALTY CORPORATION et al., Nonparty Respondents. [674 NYS2d 40] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about December 15, 1997, which, in an action to foreclose a mortgage upon Unit 12C at the Museum Tower

Condominium, *inter alia*, denied plaintiff's motion to set aside the sale of contiguous Unit 12J to nonparty respondent 12J Equities, unanimously affirmed, without costs.

The motion court properly denied the equitable relief sought by plaintiff, since plaintiff, the bank foreclosing the mortgage upon Unit 12C at the Museum Tower Condominium, failed to show that there was any reasonable basis for its presently alleged reliance upon representations by the nonparty respondents, the purchasers of contiguous Units 12C and 12J at separate foreclosure sales, that, although individually accomplished, the sales of the two units would, in essence, be treated as one transaction. Plaintiff was aware that there were to be separate foreclosure sales. Indeed, its attorneys prepared the forms and notices for each sale and requested the Referee to advise potential buyers prior to both sales of the now assertedly crucial circumstance that the units had been reconfigured so that only one of them had a kitchen. While there may now be unfortunate practical consequences to having structured the sale transactions to be legally distinct, there is no question based upon the record before us that plaintiff knew that the two units, although physically joined and sharing a kitchen, were nonetheless to be separately sold and, indeed, that plaintiff elected to proceed with the foreclosure on that basis. This being the case, there exists no viable claim that plaintiff was misled by the nonparty respondents and accordingly no ground upon which the sale of Unit 12J might be set aside. We note that plaintiff's claim for equitable relief is also inappropriate since plaintiff has an adequate remedy at law; to the extent that the underlying problem is nonparty respondent Krispha Realty Corporation's unwillingness to close the transaction respecting Unit 12C, plaintiff may obtain relief by suing upon its contract of sale. Concur—Milonas, J. P., Ellerin, Williams, Tom and Mazzarelli, JJ.